NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-117

COMMONWEALTH

vs.

A.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, A.B., appearing pro se, appeals from the denial of a petition for expungement under G. L. c. 276, § 100K. The petitioner was charged in June, 2015, with assault and battery on a family or household member under G. L. c. 265, § 13M (a). In December, 2015, the petitioner filed a motion to suppress. In January, 2016, upon the request of the petitioner, the case was dismissed for failure to prosecute. After hearing, a motion to seal was allowed. On October 13, 2020, the instant petition for expungement was filed. Fourteen days later it was denied without hearing.

Under G. L. c. 276, § 100K, the court may order expungement of the records of a criminal case if the court, first, determines, based on clear and convincing evidence, that the record was created as a result of one of six itemized reasons.

Once that threshold showing has been made, the court then has discretion to order an expungement "based on what is in the best interests of justice."  G. L. c. 276, § 100K (b).  We review the judge's decision for abuse of discretion.  See Commonwealth v. K.W., 490 Mass. 619, 624 (2022).

The statutorily enumerated reason supporting the expungement alleged by the petitioner in his petition, signed under the penalties of perjury, was that the record was created as a result of "demonstrable errors by law enforcement."  See G. L. c. 276, § 100K (a) (3).  In the petition, the petitioner maintained that on the date of his arrest, June 17, 2015, he was questioned without Miranda warnings by "uniformed, armed law enforcement officers" in an office at his workplace with a closed door.  He asserted that any statements he made were not freely or voluntarily given.  He also stated that his arrest was based on accusations made during a separation leading to a divorce from the alleged victim, perhaps intending to imply that she lacked credibility.  He asserted that the record of this charge against him is "available to criminal justice, municipal, and state agencies, thereby limiting [his] full participation in society[,]" and that the expungement of the record would be "in the interest of justice."

Before us, the petitioner argues that he "has demonstrated that the arrest violated his Fifth and Sixth Amendment [to the

2

United States Constitution] rights.  Furthermore, the allegations against the [p]etitioner made by [the alleged victim] lack credibility, particularly in light of her own history of using the criminal justice system to manipulate others."

We conclude that the petition did not contain sufficient factual allegations, even accepting them as true, to demonstrate by clear and convincing evidence that the charges against the petitioner were brought (and thus the records at issue created) as a result of "demonstrable errors by law enforcement." Consequently, we conclude that the judge committed no abuse of discretion in denying the petition.

The threshold issue that the petitioner was required to demonstrate by clear and convincing evidence was that the criminal record of this case was created as a result of demonstrable errors by law enforcement.  Before us, the only "error" by the police explicitly alleged is an unlawful arrest. Even if we assume that the petitioner was arrested unlawfully, something that has not been found by any court, the petitioner does not explain how it was his unlawful arrest that resulted in the creation of these criminal records.  It appears that the alleged victim made the allegations against him.  Nothing either in the petition or before us demonstrates that the criminal

3

charges were not issued as a result of those allegations, rather than his arrest.

The petitioner suggests that he was unlawfully interrogated in his office without required Miranda warnings, again something that has not been found by any court, and, at least below, that any statements he gave during interrogation were not freely and voluntarily given.

Even if we were to treat obtaining incriminating statements through violation of Miranda and obtaining such statements in a manner in which they were not given freely and voluntarily, as an "error by law enforcement" within the meaning of the statute, a question we need not reach, the petition does not describe either what statements, if any, the petitioner provided to police in his office, or how they resulted in the creation of the criminal records that he seeks to have expunged.

The petitioner does also state that the allegations made by the alleged victim were not credible, but he does not explain how that demonstrates that the records at issue in this case were created as a result of demonstrable errors by law enforcement.

Thus, even assuming everything in the petition is true, the petitioner has not shown by clear and convincing evidence that the records were created as a result of demonstrable errors by law enforcement. Given this, we see no abuse of discretion in

4

the judge's order denying the motion.  We note that the judge's denial was without prejudice, meaning the petitioner is permitted in the future to file another motion for expungement -- which presumably might be successful should he be able to present a stronger or different case.[1]

<u>Order denying petition</u>
<u>for expungement affirmed</u>.

By the Court (Rubin, Ditkoff & Grant, JJ.[2]),

Assistant Clerk

Entered:  March 5, 2024.

---

[1] We note that the records have previously been ordered sealed, and that a judge ordered them unsealed and resealed for purposes of docketing an appeal.  Those records thus remain sealed.  To the extent any unsealed copies of any of the covered records exist in either the trial court or this court, consistent with the original trial court order, the clerks of both courts shall ensure they are sealed.

[2] The panelists are listed in order of seniority.